MW

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kuldeep Kumar,

    Petitioner,

v.

William Barr, et al.,

    Respondents.

No. CV-19-05515-PHX-SPL (DMF)

**ORDER**

Petitioner Kuldeep Kumar has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). The Court will deny the Motion for Temporary Restraining Order and call Respondents to answer the Petition and respond to the Motion for Preliminary Injunction.

**I.    Background**

Petitioner is a native and citizen of India. On February 9, 2019, he entered the United States without inspection near Otay Mesa, California, and was encountered and taken into custody by the United States Department of Homeland Security (DHS) on February 12, 2019. (Docs. 1-2, 1-3.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). (Doc. 1-2.) Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination and detained in the CoreCivic La Palma Detention Center in Eloy,

Arizona. (Doc. 1-4.)

On March 14, 2019, Petitioner received a telephonic credible fear interview. (Docs. 1-4, 1-5.) An asylum officer determined Petitioner had not established a credible fear of persecution or torture if removed to India, finding that, after "[c]onsidering the totality of the circumstances and all relevant factors, [Petitioner had] not established that [his] testimony is credible." (Doc. 1-6.) The determination was approved by a supervisory asylum officer, and on March 27, 2019, Petitioner was ordered removed from the United States. (Docs. 1-4, 1-6.) Petitioner requested review of the credible fear determination by an Immigration Judge (IJ), and a hearing was scheduled for April 4, 2019. (Docs. 1-6, 1-7, 1-9.) Petitioner retained counsel, who filed a notice of appearance with the immigration court on April 3, 2019. (Doc. 1-10.) During his hearing the following day, Petitioner advised that he had retained counsel, but the IJ "erroneously indicated there was no E-28 submitted and held the hearing prior to 11 a.m. without the benefit of counsel." (Doc. 1 ¶ 23.) At the conclusion of the hearing, the IJ affirmed the asylum officer's credible fear determination. (Doc. 1-8.)

## II. Petition

In his Petition, Petitioner names United States Attorney General William Barr, former Acting DHS Secretary Kevin McAleenan, Executive Office for Immigration Review (EOIR) Director James McHenry, United States Immigration and Customs Enforcement (ICE) Phoenix Field Office Director Enrique Lucero, and United States Immigration Judge John Davis as Respondents.[1] Petitioner asserts that the Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in

---

[1] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing whether the proper respondent in immigration habeas corpus proceedings under § 2241 is the Attorney General, the Acting DHS Secretary, or the ICE Field Office Director, the Court will not dismiss these Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition). However, the Court will dismiss Respondents McHenry and Davis because the rationale articulated in *Armentero* would not extend to these Respondents.

*Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).[2]

Petitioner brings two grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute and implementing regulation, 8 U.S.C. § 1225(b)(1) and 8 C.F.R. § 208.30(d), and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS failed to employ the required non-adversarial procedures when conducting his credible fear interview and failed to apply the correct legal standard when evaluating his credible fear claim. Petitioner further alleges that the IJ denied him his right to be represented by counsel and applied the wrong legal standard to his claims.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 19.)

The Court will require Respondents Barr, McAleenan, and Lucero to answer the Petition.

### III. Motion for Preliminary Injunction and/or Temporary Restraining Order

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.[3] *Winter v. Natural Resources Defense*

---

[2] In *Thuraissigiam*, the Ninth Circuit found that 8 U.S.C. § 1252(e)(2)'s statutory limitation on habeas corpus review "violate[d] the Suspension Clause as applied to Thuraissigiam," and held "[t]he district court ha[d] jurisdiction and, on remand, should exercise that jurisdiction to consider Thuraissigiam's legal challenges to the procedures leading to his expedited removal order." 917 F.3d at 1119.

[3] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,'

*Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioner moves the Court to enjoin his continued detention, to order Respondents to provide him with an individualized asylum hearing, and to stay his removal from the United States while this action is pending. To the extent Petitioner seeks release from custody and a new hearing on his asylum claims, he has not shown that he will suffer irreparable injury before Respondents can be heard in opposition. Nor has Petitioner demonstrated that he is at risk of imminent removal. Petitioner alleges that he is subject to an order of expedited removal that became final more than six months ago. Yet, he does not allege any facts which explain why the order remains unexecuted or indicate that he will be removed in the immediate future. Petitioner therefore fails to meet his burden to demonstrate that he is entitled to immediate injunctive relief, and his Motion for Temporary Restraining Order will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of*

---

and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

1  *Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (consistent with the "stringent" restrictions of Fed. R. Civ. P. 65(b), a temporary restraining order may be entered only to execute the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). In its discretion, however, the Court will call for a response to the Motion for Preliminary Injunction and require that if Respondents intend to remove Petitioner from the United States prior to the conclusion of this matter, they must file and serve a "Notice of Intent to Remove" within such time as is reasonable and sufficient to allow Petitioner to file a motion for a stay of removal. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **denied without prejudice in part** as to Petitioner's Motion for Temporary Restraining Order.

(2) Respondents McHenry and Davis are **dismissed without prejudice**.

(3) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Motion for Preliminary Injunction and/or Temporary Restraining Order, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, McAleenan, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondents Barr, McAleenan, and Lucero shall have **30 days** from the date of service to file a Response to Petitioner's Motion for Preliminary Injunction (Doc. 2).

(5) Petitioner shall have **15 days** from the filing of Respondents' Response to the Motion for Preliminary Injunction to file a Reply.

(6) Respondents shall have **30 days** from the date of service to answer the

Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(7) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(8) If Respondents intend to remove Petitioner from the United States prior to the Court's disposition of this matter, Respondents must file a "Notice of Intent to Remove" with the Clerk of Court and serve a copy on Petitioner at least **10 days** prior to the planned removal, so as to allow Petitioner time to file a motion for a stay of removal.

(9) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

Dated this 30th day of October, 2019.

Honorable Steven P. Logan
United States District Judge